(No. 5570—

N. A. MASTERS, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 17, 1972.*

ORWIN H. PUGH, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

BURKS, J.

This is a claim for property damage based on the following facts which are not in dispute.

On Thursday, August 10, 1967, a sign crew from the District #9 office of the Division of Highways at Carbondale proceeded to the southwest corner of the intersection of Illinois Avenue (U. S. Route 51) and Main Street (Illinois

Route 13) in Carbondale to install signs for a temporary one-way couple of Illinois Avenue and University Avenue.

The crew, operating a truck-mounted power digger, was drilling holes for the erection of a sign when the drill punctured a four-inch water service line under the pavement. The ensuing flow of escaping water flooded claimant's place of business, a tavern known as the Rathskeller.

The time of the puncture of the water line was approximately 9:15 a.m. The Carbondale City Water Department was called immediately to repair the break, the Division of Highways being without authority to shut off the water supply or to repair the punctured service line. The flow of water was stopped at approximately 3:00 a.m. on the following day. The water was escaping for 18 hours, a portion of which time it was flowing through the public establishment of the claimant.

It would appear that there may have been undue delay on the part of the City in repairing the water main. Assuming that there was neglect involved in this delay, we are faced with a situation where we have joint tort-feasors. It has been long recognized in Illinois that a party damaged by the actions of joint tort-feasors may sue either or both tort-feasors and may collect in full from either.

The property damage sustained by the claimant was obviously caused by the water which was allowed to escape following the drilling operation of the respondent, and the latter acknowledges liability.

The only remaining question is the amount of damage actually inflicted by the water. According to claimant's testimony on page 6 of his deposition, the floor in the Rathskeller was installed in 1955. This means that the tile floor had been subjected to use by the public for a period of 12 years prior to the water damage. Claimant, by letter

dated August 3, 1970, attached to respondent's Brief and Argument, agrees that the claim should be reduced from $1,254.78 to $882.34. Respondent does not contest the other damages alleged by claimant and agrees that the actual damages to the claimant's property amount to $882.34.

IT IS HEREBY ORDERED that claimant be awarded damages in the amount of $882.34.

Pursuant to Ch. 27, Sec. 439.24, Ill. Rev. Stat., 1971, the Court directs immediate payment of this claim from the Court of Claims Fund. (Fund No. 572.)